EDWARD D. KEMP, Appellant, v. HIRAM HUMPHREYS, Appellee.

APPEAL FROM BUREAU.

Parties have the right to make their own contracts, making the time of their performance material, so that a failure to perform at the time, will avoid the agreement.

A court of equity has no power to enforce a specific execution of a contract contrary to the clearly expressed intention of the parties.

A STATEMENT of the facts will be found in the opinion of Judge TRUMBULL.

The decree in this case was entered by T. L. DICKEY, Judge, at March term, 1852, of the Bureau Circuit Court.

M. T. PETERS and E. S. LELAND, for appellant.

GLOVER & HOOKER, for appellee.

TRUMBULL, J. Humphreys filed his bill to compel a specific performance of the following agreement:

" This article of agreement, made and entered into this twelfth day of April, one thousand eight hundred and fifty-one, by and between E. D. Kemp of the one part, and Hiram Humphreys of the other part, witnesseth that the said Kemp does agree to

make, unto the said Humphreys, his heirs, or assigns, a good and sufficient deed of the west half of the south-west quarter of section twenty-four, at the end of three months from this date, or sooner, if payment shall be made of one hundred and ten dollars, and the interest thereof from this date, at ten per cent. An uncompliance on the part of said Humphreys, at said date, this shall null this article, and the unperformance on the part of said Kemp shall be the damages to be paid to said Humphreys. In witness our hands and seals, the year and day above.      " EDWARD D. KEMP. [SEAL.]

"JOHN G. REED,      " HIRAM HUMPHREYS. [SEAL.]

" JOHN CAIN."

The bill alleges, that the township and range were omitted by mistake to be inserted in the agreement, and asks to have it in that respect corrected; that, before the end of the three months within which the money was to be paid, Humphreys went to Kemp, and prevailed upon him to agree to prolong the time for the payment of the money for one month beyond that which was fixed by the agreement, he, the complainant, agreeing, at the same time, to pay interest at ten per cent. till paid; that, in consequence of said agreement to prolong the time, complainant suffered the day fixed by the written agreement to pass without a tender of the money; but, on the sixth of August following, and before the expiration of the month for which the payment had been prolonged, he tendered to the defendant the said sum of one hundred and ten dollars and interest, and demanded a deed, but the defendant refused either to receive the money or make the deed; and that, on the faith of said written agreement, he took possession of the land agreed to be conveyed, and had made valuable improvements on the same. The bill waives an answer under oath, and prays that the defendant be compelled to execute a conveyance for the premises in question.

The answer of the defendant admits the making of the written agreement, but denies all the other material allegations of the bill; and insists that, if any such parol agreement for the extension of time was made, as the complainant alleged, it was

void by the statute of frauds. A replication was filed to the answer, and the case was heard on bill, answer, exhibits, and depositions. One witness testified that, about the 12th day of July, 1851, he inquired of Kemp, who was then at the house of witness, whether he was going to wait on Mr. Humphreys; to which Kemp replied, that " he was going to wait, but did not say how long he was going to wait." Another witness testified that, some time in the early part of July, he heard Kemp say he had sold a lot of land to Mr. Humphreys, and " had agreed to wait on the old man; but did not say how long." A third witness stated that, " in the latter part of June, 1851, Mr. Humphreys came to Mr. Kemp's house, and said he had not got the money for that land; said he had about fifteen days on the article. He said, he had a son-in-law, East, and he would write that day to him for the money. He said it would take about fifteen days for a letter to go to him, and the same time for it to come back. It would take about a month to get it. He said he would not wait another moment or hour after it returned. Mr. Humphreys said it would accommodate him very much. Mr. Kemp said he did not think he would; and if he should, it would not avail any thing unless it was entered upon the article. Mr. Humphreys said, of course not. Then Mr. Humphreys went off." This was all the evidence in reference to a postponement of the time of payment, and it was all given by witnesses examined by and on behalf of complainant.

The Circuit Court entered a decree in accordance with the prayer of the bill; and the entry of that decree is assigned for error.

That time was made material in the contract between the parties is very clear, not only from the terms of the article itself, which declares that a non-compliance by Humphreys in paying the sum stipulated and interest at the date specified shall render it null, but that it was so intended is manifest from the subsequent conduct of the parties; for why should Humphreys apply for an extension of time, (and both parties admit that such extension would amount to nothing unless entered on the article,) if they did not suppose that the contract would be avoided by a failure on the part of Humphreys to pay the money at the time specified?

Parties have the right to make their own contracts, and may, if they think proper, make the time of their performance material, so that a failure to perform at the time will avoid the agreement. Benedict v. Lynch, 1 Johns. Ch. Rep. 370; Smith v. Brown, 5 Gilm. 314.

The only question is, is time of the essence of the contract, and did the parties so intend? If so, a court of equity is bound by the contract as the parties made it, and has no authority to substitute for it another and a different agreement. Humphreys having failed to make the payment at the time specified, it is clear that he cannot have a specific performance of the agreement, unless, as insisted, the time for the payment of the money was extended by a subsequent agreement.

Admitting that an agreement, required by the statute of frauds to be in writing, may be varied in a material part by a subsequent parol agreement, and a specific performance of the agreement as varied be subsequently enforced, which is by no means a settled point, still the complainant in this case must fail for another reason. The evidence wholly fails to show an agreement to extend the time for the payment of the money beyond the period specified in the written contract. Two witnesses testify that Kemp told them he had sold land to Humphreys, and had agreed to wait with him. Whether this agreement to wait had reference to the original credit given in the written contract, or to an extension of that credit, is altogether uncertain, and it falls far short of proving an agreement to extend the time for the payment one month beyond the original credit, as alleged in complainant's bill. The testimony of the other witness shows that so far from extending the time fixed by the written contract for the payment of the money, Kemp, when applied to by Humphreys to do so, said he did not think he would; and both admitted that a promise to extend the time would amount to nothing unless entered on the article. The strong and almost irresistible inference from this is, that Kemp never did agree to extend the time, else it would have been entered on the article.

There is another point of view in which complainant is not entitled to the relief he seeks. The contract in substance pro-

vides, though it is informally expressed, that the consequence of a non-performance on the part of Kemp shall be the damages that Humphreys sustains thereby. This would seem to exclude the idea of a specific performance of the contract, or of any other remedy for a breach of it than an action for damages.

The parties had the same right to limit Kemp's liability in case of his refusal to make the deed, as they had to make the time of payment by Humphreys material; and having done so, a court of equity has no power to enforce a specific execution of the contract, contrary to the clearly-expressed intention of the parties.

. The question of improvements can cut no figure in the case, for the reason that the complainant has failed to prove any parol contract of purchase, and they cannot avail him under the written contract, because he failed to comply with it.

Decree reversed, and bill dismissed.

