THOMAS MILNOR

*v.*

E. W. WILLARD *et al.*

1. TIME— *when of the essence of a contract.* In contracts relating to land, time is not considered as necessarily of their essence; but it may be made essential by

an express stipulation of the parties, or it may be deemed so from the nature of the property or the purpose for which it was purchased, or from other circumstances specially surrounding the case.

2. SAME. Where the last payment upon a contract for the sale of land fell due June 19th, 1859, and the purchaser made no tender of payment until April 19th, 1863, and in his bill for specific performance alleged no reason for his default, except that he was a poor man, and unable to comply with his contract. *Held,* that he was not entitled to relief.

3. SAME. The precise phraseology by which time is made of the essence of the contract is unimportant.

APPEAL from the Superior Court of Chicago.

This was a bill in chancery by the purchaser of a piece of land against the vendor and those claiming under him, praying a specific performance. There was a decree in the court below dismissing the bill, and the complainant appealed. The facts appear in the opinion of the Court.

Messrs. BLODGETT & WINSTON, for the appellant.

Messrs. MATHER & TAFT, for the appellee.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

This is a suit in equity to enforce the specific performance of a contract for the purchase of lot one in block two of Duncan's Addition to Chicago. On the 15th day of June, 1854, the defendants, Willard and Lind, made a written agreement with the trustees of the South Chicago German Church for the sale of the lot for the sum of four thousand dollars, payable four hundred dollars in cash, and the balance in five equal annual installments on the 19th day of June in each year, with interest annually in advance on all sums unpaid. The purchasers paid on the contract $1,542.59, and on the 12th day of June, 1855, assigned it to the complainant, who, after that time, paid thereon $2,673.96. leaving due thereon the last payment, falling due June 19th 1859, and the interest thereon.

The contract provides that the prompt performance of the payments and covenants, on the part of the purchasers, should

be a condition precedent to the sale, and that time should be of the essence of the condition. On the 1st of April, 1861, Lind conveyed his interest in the lot to Willard, as security for an indebtedness of the former to the latter. The other defendants claim under them. On the 6th day of October, 1861, Willard declared the contract forfeited, for the non-payment of the residue of the purchase-money. On the 19th of April, 1863, the complainant tendered to Willard the sum due on the contract, with interest, and demanded a conveyance. The bill in the present case was filed May 2, 1863. The complainant seeks relief from the effect of a non-performance of a condition precedent, and the only reason alleged for such relief is, that he was a poor man, and at that time unable to comply with his contract. The alleged excuse cannot be considered sufficient. If it were valid for a short period of time, it would be sufficient until it ceased to exist, and such excuses would postpone indefinitely the time when contracts are to be performed. In contracts relating to land, time is not considered as necessarily of their essence, but it may be made essential by an express stipulation of the parties, or it may be deemed so from the nature of the property or the purposes for which it was purchased, or from other circumstances specially surrounding the case. Time is made essential in contracts by various forms of stipulations to that effect; one of which is an agreement that the prompt payment of the money shall be a condition precedent, and that time shall be considered as of the essence of the condition, without any formal stipulation in regard to a forfeiture, or the right of the vendor to declare the contract forfeited if the condition is not complied with. Another form of stipulation by which time is made essential, is an agreement that if the money is not promptly paid the contract shall be null and void. This was the form of the agreement in *Smith* v. *Brown*, 5 Gilm. 314, and in *Kemp* v. *Humphreys*, 13 Ill. 573.

Still another form of stipulation, by which time is made material, is an agreement that if the vendee shall make default, the contract may be declared void at the option of the vendor.

The cases of *Steele* v. *Biggs*, 22 Ill. 655, and *Chrisman* v. *Miller*, 21 id. 227, were in regard to agreements in this form.

We do not regard the precise phraseology in which such an agreement is expressed as important. The essential element of the agreement on the part of a vendee is, that he undertakes to make payment of the purchase-money at the *very* time stipulated as a condition to the continuance of his rights under the contract. Where there is no special provision in regard to the termination of the rights of the vendee, they cease *ipso facto* upon his non-compliance with his agreement; but cases may arise where, from the peculiar phraseology of the agreement, providing for the termination of his rights, an election so to do, on the part of the vendor, might be necessary. But in the case under consideration, time was made essential in plain and unambiguous language, and the performance of that part of the contract was made a condition precedent to the obligation of the vendor. Lands in this country are an article of commerce, and parties making contracts for their sale, rely upon the obligations of purchasers as a means by which they are enabled to transact business. Promptitude in the discharge of such obligations is as essential as in other commercial transactions; and justice to the vendor requires that such obligations should be literally complied with, unless the stipulation in regard to time is waived, or there is some just excuse for a non-compliance. While courts will relieve from forfeiture in cases where it has been incurred without fault, yet they have never undertaken to declare immaterial the time when a contract is to be performed, when the parties have agreed that it should be otherwise.

The decree of the court below is affirmed.

*Decree affirmed.*