MORRIS R. CABLE, Trustee, Appellee, vs. HENRY R. HOFF-
MAN, Appellant.

*Opinion filed April 20, 1916—Rehearing denied June 9, 1916.*

1. SPECIFIC PERFORMANCE—*court cannot require a party to do
more than he has agreed to do.* In decreeing specific performance
of a contract the court has no power to order the defendant to do
more than he has agreed to do.

2. SAME—*complainant must show readiness, ability and willing-
ness to perform.* Before the complainant is entitled to a decree for
specific performance of a contract he must show that he is ready,
able and willing to perform the contract on his part.

3. SAME—*when a defendant should not be required to pay pur-
chase money to a trust company.* If the complainant in a bill for
specific performance has agreed to furnish a title guaranty policy
but the trust company which is to furnish the policy refuses to is-
sue one before the consideration for the conveyance has been de-
posited with it, the defendant cannot be required to pay the money
to the trust company, where the contract does not so require, the
trust company is not a party to the suit and there is no assurance
that the defendant will receive the policy if he pays the money.

APPEAL from the Circuit Court of Cook county; the
Hon. THOMAS G. WINDES, Judge, presiding.

ANDERSON E. MARTIN, and ALVAH T. MARTIN, (NEW-
TON WYETH, of counsel,) for appellant.

MAURICE ALSCHULER, (MENZ I. ROSENBAUM, of coun-
sel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Morris R. Cable, as trustee, appellee, entered into a writ-
ten contract with Henry R. Hoffman, appellant, October 26,
1914, whereby appellant agreed to purchase for the sum of
$31,000 a lot 50 by 125 feet, being the northwest corner
of Forty-second court and Grenshaw street, in the city of
Chicago, subject to a trust deed for $21,000. Appellant
paid $500 at the time the contract was executed, and agreed

to pay, within five days after the title had been examined and found good, the further sum of $9500 at the office of Martin & Martin, in the city of Chicago, provided a good and sufficient warranty deed conveying to appellant a good title to the premises should then be ready for delivery. It was further agreed that a complete merchantable abstract brought down to date or a merchantable title guaranty policy should be furnished within a reasonable time, and if upon examination the title be found defective within ten days after the abstract was furnished, then, unless the material defects be corrected within sixty days after written notice thereof, the $500 earnest money should be refunded and the contract become inoperative. An abstract of title was furnished and numerous objections to the title were made. On February 1, 1915, appellee filed his bill in the circuit court of Cook county for the specific performance of the contract and for other relief. Appellant and certain lien claimants were made parties defendant. On July 15, 1915, a decree was entered authorizing, directing and empowering appellee to comply with the terms and provisions of the contract and to convey the premises to appellant. Other relief prayed for was granted by this decree but no obligation to act was imposed upon appellant. On October 30, 1915, appellee moved for an order requiring appellant to specifically perform the terms of the contract of October 26, 1914, and consummate the same in accordance with the order of July 15, 1915. In support of this motion appellee presented affidavits showing that upon the entry of the order of July 15, 1915, appellee executed a quit-claim deed and deposited the same with the Chicago Title and Trust Company, which company agreed to issue its guaranty policy to appellant showing a clear fee simple title in appellant provided appellant would pay to the trust company the balance of the purchase price under said contract, so that the title might be brought down and shown in appellant, and that appellant had refused to do so. Affidavits were also filed on behalf

of appellant denying that the Chicago Title and Trust Company was willing to issue a guaranty policy in the sum of $31,000. A letter from the Chicago Title and Trust Company addressed to the solicitor for appellee, dated October 27, 1915, was offered in evidence. By this letter the Chicago Title and Trust Company offered to issue a guaranty policy to appellant free and clear of objections, stating that its examination of the title was completed to include July 15, 1915, on which date it found title in appellee, as trustee, subject to certain clouds. Upon the conclusion of the hearing the court entered a decree finding that a good title could be made by appellee to the premises and decreeing that the contract be specifically performed. It was ordered that appellee execute and deliver to appellant a sufficient conveyance, by warranty deed, of the premises described; that upon appellee depositing such deed with the Chicago Title and Trust Company appellant should deposit for appellee, with the trust company, the balance of the purchase money in accordance with the contract, and that appellee proceed to furnish appellant with a guaranty policy issued by the trust company for the sum of $31,000, subject to the incumbrance by the trust deed of $21,000. This appeal has been perfected from that decree.

It does not appear that appellee has ever been ready, able and willing to comply with the terms of his contract. Appellant did not contract to pay for the property until a complete merchantable abstract brought down to date or a merchantable title guaranty policy should be furnished him and a good and sufficient warranty deed conveying a good title to the premises was ready to be delivered to him. In decreeing specific performance the court had no power to order appellant to do more than he had agreed by his contract to do. It is apparent that appellee could not procure the guaranty policy from the Chicago Title and Trust Company until the consideration for the conveyance had been deposited with it. If the requirements of the trust com-

pany worked a hardship in this respect it should be borne by appellee and not by appellant, as appellee contracted to furnish the guaranty policy. The rule is well established that before one is entitled to a decree for specific performance of a contract he must show that he is ready, able and willing to perform the contract on his part. (*Beach* v. *Dyer,* 93 Ill. 295; *Short* v. *Kieffer,* 142 id. 258; *Skeen* v. *Patterson,* 180 id. 289; *Schenck* v. *Ballou,* 253 id. 415; *Bennett* v. *Burkhalter,* 257 id. 572.) This appellee has not shown.

The court erred in decreeing that appellant should pay the amount of the purchase price to the Chicago Title and Trust Company before he had any assurance that appellee could convey a good title. The communication from the trust company disclosed that the title had not been examined since July 15, 1915. Even if nothing had transpired to affect the title since that time, it would require some time to make an examination of the records to determine that fact, and it was improper to require appellant to part with his money while such examination was being made. The trust company was not a party to the proceeding and was not bound by the decree. It could arbitrarily refuse to issue a guaranty policy if it chose to do so. Then, too, something may have transpired since July 15 to affect the title. It was therefore possible that the money, if advanced to the trust company, might eventually be returned to appellant because of appellee's inability to secure a guaranty policy.

The decree of the circuit court is reversed and the cause is remanded, with directions to dismiss the bill as to appellant, Henry R. Hoffman.

*Reversed and remanded, with directions.*