(No. 15495.—Decree affirmed.)

FRANK E. ALLEN *et al.* Appellees, *vs.* RICHARD P. HAYES, Appellant.

*Opinion filed October 20, 1923.*

1. SPECIFIC PERFORMANCE—*when specific performance is allowed as a matter of right.* While specific performance rests in the sound discretion of the court, to be exercised according to all the facts and circumstances of each case, yet if the contract is free from objection specific performance is allowed as a matter of right and not as a favor.

2. SAME—*when contract cannot be shown to be conditional.* A contract to purchase land cannot be shown to be dependent upon any condition not expressed therein, and if it is free from fraud, bad faith or misrepresentation, the fact that it was improvident when made furnishes no excuse for a refusal to perform it.

3. SAME—*depreciation in market value after contract is made does not excuse performance.* Depreciation in the market value of land after an unconditional contract to purchase it has been made does not excuse performance, nor does the fact that the purchaser is unable to procure the money to make payment.

4. SAME—*when defects in title are not waived.* If the proposed purchaser of land refuses to perform and declines to accept the abstract of title for examination and exercise his privilege to point out defects and have them corrected he waives the requirement of

the contract that the abstract shall show a merchantable title, but before he can be ·compelled to accept the title the complainants must prove, by any legitimate evidence, that it is merchantable.

5. DAMAGES—*when complainant is not entitled to damages.* A complainant who obtains a decree for specific performance is not entitled, in addition thereto, to damages for an alleged loss arising from his inability to carry out a contract to purchase another tract of land, which he made in reliance on the proceeds to be derived from the fulfillment of the defendant's contract.

APPEAL from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

DOBBINS & DOBBINS, for appellant.

GREEN & PALMER, (WILLIAM G. PALMER, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellees, Frank E. Allen and Belzora Allen, his wife, being the owners of about 50 acres of land in Champaign county, entered into a contract on September 30, 1920, with the appellant, Richard P. Hayes, under the hands and seals of the respective parties, for the sale of the land to him for $23,750, which he agreed to pay. The deed was to be executed and placed in escrow with the Ogden Bank on or before October 15, 1920, to be delivered upon performance of the contract by the appellant on or before March 1, 1921. The appellant refused to perform the contract on his part, and the appellees filed their bill in the circuit court of Champaign county praying that he be required to specifically perform it. The bill was answered and a hearing resulted in a decree for specific performance by the appellant, and from that decree he prosecuted this appeal.

The contract, the making of which was admitted by the answer, acknowledged the receipt of $1000 cash payment and a promissory note for $1000 due March 1, 1921, with-

out interest, and provided for placing a deed in escrow, and that the complainants should deliver to the defendant by December 1, 1920, an abstract of title showing a merchantable title of record in them free and clear of any and all incumbrances except a mortgage of $8250, which the defendant agreed to pay as a part of the purchase price. If the abstract of title should be found defective the complainants were to have a reasonable time to put the same in merchantable condition. The bill averred that the complainants executed a deed and placed it in escrow with the Ogden Bank prior to October 15, 1920, and on November 27, 1920, tendered an abstract to the defendant showing merchantable title of record free and clear of any and all incumbrances except the mortgage referred to in the contract; that the defendant refused to receive the abstract for the alleged reason that he was unable to procure the money with which to pay the purchase price and for no other reason, and had persisted in refusing to complete the purchase, and that the complainants were at all times ready, able and willing to perform the contract on their part. The answer, after admitting the making of the contract, the execution of the deed and placing the same in escrow and the tender of the abstract of title on November 27, 1920, averred that at the time of such tender the defendant explained to the complainants that the money situation was such that he would be unable to procure a loan upon his real estate to enable him to carry out the contract, and for that reason he refused to receive the abstract. The answer alleged that after such refusal the defendant caused his attorneys, on January 19, 1921, to request that the abstract be submitted to them for examination, and the complainants refused to submit it unless the defendant would withdraw his refusal to perform his contract and then intended to comply with it. It was alleged as defenses that the complainants were not entitled to specific performance, because the defendant had not had an opportunity to examine the abstract to de-

termine whether there were any objections to the title, and that they had an ample and adequate remedy at law by an action for damages. The cause was referred to a special master to take and report the evidence with his conclusions. He took the evidence and reported the same with conclusions that the abstract of title showed a complete merchantable title; that the defendant, by refusing to receive the abstract, waived any defects there may have been in the record title, and that the complainants were entitled to a decree for specific performance.

There was a finding of damages growing out of a loss to the complainants in a contract made by them for the purchase of land in Indiana, hereinafter referred to. An exception to that finding was sustained and is the subject of a cross-error, which will be considered and disposed of. The chancellor overruled exceptions to all the other findings and made the same findings except as to the damages and entered the decree appealed from.

The points relied upon for reversal are, that the defendant, when he first talked of purchasing the land, stipulated that his purchase should be conditional upon his securing a loan upon his adjoining land of 170 acres, and shortly after making the contract the market value of lands depreciated and there was a financial stringency, so that he was unable to secure the loan; that specific performance, where there is nothing to be done except payment of money, is not a matter of right; that complainants occupied the premises and there was less than one per cent income upon the purchase price, which made it inequitable to compel performance; that the complainants were not entitled to recover interest according to the terms of the contract, and that the abstract showed that the title was doubtful.

Specific performance of a contract rests in the sound discretion of the court, to be determined from all the facts and circumstances of each case, (*Miller* v. *Clark,* 301 Ill. 273; *Stephens* v. *Clark,* 305 id. 408;) but if a contract is

free from objection, specific performance is allowed as a matter of right and not as a favor. (*Baltimore and Ohio Southwestern Railroad Co.* v. *Brubaker*, 217 Ill. 462; *Ullsperger* v. *Meyer,* id. 262; *Woodrow* v. *Quaid*, 292 id. 27.) The contract of the defendant was not by its terms conditional, and he was not entitled to prove that there was any condition not expressed in it. The contract was free from fraud, bad faith or misrepresentation, and if it was improvident when made, that would furnish no excuse for a refusal to perform it. The inability of the defendant to procure money with which to make payment was no defense. (*Milnor* v. *Willard,* 34 Ill. 38; *Wood* v. *Sheffer,* 248 id. 617.) After the contract was made the market value of real estate became greatly depreciated, but there was no evidence that the price was unconscionable or inequitable when the contract was made, and diminished value at the time of performance did not warrant a refusal to carry it out according to its terms. If complainants were ready, willing and able at all times to comply with the terms of their contract and performed it so far as permitted and the deed executed by them conveyed a merchantable title as stipulated in the contract, there was no valid excuse offered by the defendant for his refusal to perform on his part.

The special master found and reported that the defendant, by refusing to receive the abstract, waived any defects there may have been in the record title, and the chancellor overruled an exception to that finding and made the same finding in the decree. The finding in each instance was not in accordance with the law, but the special master and chancellor both found that the abstract showed a complete merchantable title, so that there was no defect to be waived. The defendant by refusing to receive the abstract for examination, with the privilege on his part of pointing out any objection to the title thereby shown and giving the complainants the right to correct or remove any such defects in the abstract, waived the requirement as to what the abstract

should show, but when the complainants asked the court to require the defendant to accept the merchantable title contracted for, they were required to prove that the title was merchantable by any legitimate evidence, and it was proved.

On that question counsel for the defendant insist that there were defects in the title of such a nature that he was not required to accept the deed. One thing pointed out is, that in a partition suit in which the court found that David H. Knight and Charles O. Knight were the owners in fee of the premises as tenants in common, the decree found that Dena E. Knight, owner of the premises, died intestate on November 19, 1907, leaving David H. Knight, her husband, and her children, her only heirs-at-law, among whom was Pearl S. Knight, and the evidence showed that Pearl died intestate, unmarried, on November 9, 1914, and that the heirs-at-law of Dena and Pearl conveyed the premises. The proposition advanced is that Dena or Pearl may have had creditors, who would have a right to resort to the real estate. The right of any creditors of Dena, if there were any, has long been barred from the lapse of time. There was nothing more than a remote possibility of an adverse claim by creditors of Pearl. Every presumption was against it, and the defendant having refused to receive the abstract and point out any defect, the burden was cast on him to overcome the presumption by showing that there were creditors or that they had some right. His only purpose in asking for the abstract after refusal to receive it was to permit his attorneys to hunt for flaws in the title, but they did not find any. There was a release by the owner of the land of a mortgage by another party, which was no defect whatever the occasion for the release may have been.

It is objected that the decree was erroneous in requiring the defendant to make payment on or before April 1, 1923, with seven per cent interest on the amount due on March 1, 1921. The defendant by his contract agreed to pay that rate of interest on all payments not made when due, and

there was nothing illegal about the contract or inequitable in requiring the defendant to pay as he agreed to.

The defendant was given credit for $372.12, rental of the premises, which was the net income for the two years, and this, it is urged, was inequitable because the income was less than one per cent on the total purchase price and less than the taxes on the land and the interest on the existing mortgage. That has been the common experience of all owners of farm land, as is well known, and it only goes to the proposition that one is unwise to buy farm land.

The bill alleged and the special master found that the complainants, depending upon payment of the purchase price by the defendant, negotiated for the purchase of a farm in Indiana; that they had no other source from which to make payment for the Indiana land, and that because of the default of the defendant they were unable to perform that part of the Indiana contract, to their damage of $3000. The special master found that the complainants were entitled to damages in that sum, which the defendant should be required to pay, and the chancellor sustained an exception to the finding. Cross-errors have been assigned on the ruling of the chancellor. The ordinary rule is that a party is entitled to compensation for an injury sustained by the breach of a contract, but the damages alleged did not relate to the subject matter of the contract and did not approximately result from the breach. They were remote and arose out of a purely collateral undertaking to buy a farm in Indiana, which had no legal or necessary connection with the contract. The loss arising from the contract for the Indiana land, made in reliance on the proceeds to be derived from the fulfillment of the defendant's contract, constituted no part of the damages to be recovered in case of a breach. (8 R. C. L. 462.) The chancellor did not err in sustaining the exception.

The decree is affirmed.

*Decree affirmed.*