77 So.2d 452 (1955)
R. Arthur GIEHLER and Hazel T. Giehler, his wife, Appellants,
v.
Irene WARD, a widow, Rita Barclay Carey (Formerly Rita Barclay Ward) and her husband, Charles Carey, Appellees.
Supreme Court of Florida. Division A.
January 21, 1955.
*453 Henry H. Cole, Tampa, for appellants.
Gene H. Auvil and Robert E. Clawson, Dade City, for appellees.
ROBERTS, Justice.
The plaintiff-appellants bought a business and the property upon which it was located from the defendant-appellees, the deed containing the following covenant:
"The grantors herein do hereby covenant and agree that they will not for the space of three years from the date hereof conduct in the vicinity of the property above described any bathing beach or dancing business on Lake Iola, on which the above described property is located." (Emphasis supplied.)
The defendants did, in fact, operate a bathing beach in violation of their covenant and the plaintiffs brought suit to enjoin the breach of the covenant above quoted. Apparently, an injunction was entered and the defendant Ward was thereafter held in contempt of the injunctive order, although neither the injunctive order nor the record of the contempt proceedings is in the record here, and such facts are shown only in a pleading subsequently filed in the cause by plaintiffs entitled "Amendment to Bill of Complaint." In this so-called "Amendment", the plaintiffs alleged that the actions of the defendants in operating a bathing beach in violation of their covenant for more than one year had deprived the plaintiffs of the "full three year period in which to operate their bathing beach without competition, as ordered * * * in the decree entered in the suit for specific performance between plaintiffs and defendants," and they prayed that the court "extend the time as fixed by the order * * * and as fixed by the deed * * * so as to give plaintiffs a full period of three years within which to operate their bathing beach after the termination of competition by defendants."
The lower court dismissed the original bill for the reason that the three-year period covered by the covenant had expired, and dismissed the "Amendment" on the ground that it failed to state a cause of action for equitable relief.
On this appeal, the plaintiffs argue that they have no adequate remedy at law, since it is impossible to determine accurately the amount of business lost by reason of the violation, and that under established equitable principles they are entitled to the relief prayed for in their "Amendment". They contend that their suit, while in the form of a bill for injunctive relief, is essentially one for the specific performance of a contract, and that the court should require the defendants "to specifically perform their covenant for a three-year non-competitive operation to which in equity and good conscience they are entitled." But even if this court should consider their suit as one for specific performance, this does not better the plaintiffs' position, since one of the most firmly established principles of the law of specific performance is that the court will not make a new or different contract for the parties, simply because the one made by them proves ineffectual; and, ordinarily, it will compel the performance of a contract only in the precise terms agreed upon by the parties themselves. Kentucky Water Service Co. v. City of Middlesboro, Ky., 247 S.W.2d 40; Young v. Kowske, 402 Ill. 114, 83 N.E.2d 500; Koolvent Metal Awning Corp. of America v. Bottom, 8 Cir., 205 F.2d 209; Brody v. W. & L. Enterprises, Inc., Sup., 117 N.Y.S.2d 719, affirmed, 281 App.Div. 867, 120 N.Y.S.2d 239; McLean v. Keith, 236 N.C. 59, 72 S.E.2d 44; Drake v. Hicks, Mo., 249 S.W.2d 358; Fishman v. Davidson, 369 Pa. 39, 85 A.2d 34.
Here, the agreement of the defendants was to refrain from operating a bathing beach for three years from the date of the agreement, not for a total period of three years. Thus, the relief sought by the *454 plaintiffs would amount to the making of an entirely different contract, and the lower court did not err in declining to do so.
For the reasons stated, the decree appealed from should be and it is hereby
Affirmed.
MATHEWS, C.J., and TERRELL and SEBRING, JJ., concur.