ON MOTION FOR CLARIFICATION OF OPINION
UPCHURCH, Chief Judge.
We withdraw our opinion issued August 27, 1987, and substitute the following.
Steven and Adella Squires appeal a final judgment which granted them specific performance in their breach of contract action against the McCareys. The Squires contend that the trial court erred in awarding them specific performance conditioned on payment of a purchase price in excess of the contract price and in requiring them to close within twenty days after the entry of final judgment. We agree and reverse.
On June 21, 1985, Patrick McCarey and his son entered into a contract to sell a house to the Squires. The sale was subject to the Squires qualifying for a new VA mortgage. The sales price for the house was $63,000 and closing was set for July 31, 1985.
On June 24, 1985, the Squires and McCareys entered into an addendum to the contract pertaining to a VA appraisal of the house. On August 13, 1985, the Squires and McCareys entered into another addendum to the contract which increased the sales price from $63,000 to $64,500 and provided that the McCareys would replace the roof. The addendum did not contain any reference to a closing date.
The roof was completed at the end of August 1985. According to McCarey, the Squires promised to close a few days later. When the Squires did not close, the McCar-eys considered the Squires to have breached the contract and they continued to remodel the house. According to the Squires, it was necessary to have the roof inspected for VA approval and that inspection only took place on October 5. The Squires then stated that they were ready to close on October 10, 1985. When the McCareys did not attend the closing, the Squires filed suit for specific performance. At trial, McCarey’s son testified that he *317 and his father had about $57,500 invested in the house as of the date of the original contract, about $63,400 as of October 10 and about $71,200 at the time of the trial.
The trial court awarded the Squires specific performance but stated that the McCareys should be given consideration for the extras that they had put into the house. The trial court later entered its final judgment, ordering that the Squires were entitled to specific performance of the contract upon payment to the McCareys of the sum of $71,162 within twenty days from the date of the final judgment. The Squires moved for rehearing and to extend the time for tendering payment. The court later entered an order giving the Squires an additional fifteen days in which to tender payment. This appeal by the Squires ensued.
In ordering specific performance, the court below had to find that the Squires had not breached their contract. See Henry v. Ecker, 415 So.2d 137 (Fla. 5th DCA 1982). A trial court has no authority to make a new or different contract for the parties but should only compel the performance of a contract in the precise terms agreed upon by the parties themselves. Giehler v. Ward, 77 So.2d 452 (Fla.1955). Here, the trial court should have ordered specific performance at the purchase price agreed to by the parties. Accordingly, the final judgment is reversed and the cause is remanded with directions to order specific performance upon tender of the contract price.
The contract was also conditioned on VA financing, which is not subject to the demands of the Squires or any time schedule set by the court. On remand, the trial court shall determine a reasonable time within which the Squires can be expected to close and set closing for that specific time period.
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.