928 So.2d 405 (2006)
Frederick EDLUND, Sally Edlund and Christopher Edlund, Appellants,
v.
SEAGULL TOWNHOMES CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 3D05-261.
District Court of Appeal of Florida, Third District.
April 12, 2006.
Robert H. Cooper, Aventura, for appellant.
Kahan, Shir and Guy M. Shir and Patrick Dervishi, for appellee.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
WELLS, Judge.
In this action for specific performance, Christopher Edlund and his parents, Sally and Frederick Edlund, appeal from a summary judgment ordering them to sell their condominium to Seagull Townhomes Condominium Association for fair market value. We reverse.
In September 1993, Christopher Edlund purchased a condominium unit at Seagull Townhomes Condominium. In 2001, Christopher quitclaimed his interest in the condominium to his parents, Frederick and Sally Edlund. He neither notified the Condominium Association's board of the proposed transfer nor did he receive its approval to do so at that time.[1]
*406 A little less than a year after this transfer, the Condominium Association notified Christopher that he had violated the Condominium's documents by failing to notify it of this transfer. A week later, the Association sued both Christopher and his parents. Shortly thereafter, Christopher's parents re-conveyed the property to Christopher. The Association then acknowledged the earlier transfer from Christopher to his parents[2] and amended its complaint to allege that the re-conveyance was null and void because it was not approved by the Association. The Association also sought, via an action for specific performance, to enforce its right of first refusal to purchase the unit under the following provisions of its Declaration of Condominium:
16.01 In the event any unit owner wishes to sell, transfer, rent or lease his unit, the Association shall have the option to purchase, rent or lease said unit, upon the same conditions as are offered by the unit owner to a third person. . . .
16.02 Should a unit owner wish to sell, transfer, lease or rent his condominium unit, he shall, before accepting any offer to purchase, sell, lease or rent his condominium unit, deliver to the Board of Directors of the Association a written notice containing the terms of the offer he has received and wishes to accept. . . .
16.03 The Board. . within ten (10) days after receiving such notice . . . shall either consent to the transaction. . . or by written notice . . . designate the Association, or one or more persons, other than unit owners, who are willing to purchase, lease or rent upon the same terms. . . .
16.04 The stated designee . . . shall have fourteen (14) days from the date of the notice . . . to make a binding offer to buy, lease or rent upon the same terms and conditions. . . . Thereupon, the unit owner shall either accept such offer or withdraw and/or reject the offer specified in his notice to the Board of Directors. . . .
(Emphasis added).
Summary judgment thereafter was entered in the Association's favor finding first that the initial transfer from Christopher to his parents had been approved by the Association, making the parents the owners of the unit, and second, that the parents' re-transfer of the unit to Christopher, was "null and void" because it had not been approved by the Association. The trial court also concluded that the Association was entitled to specific performance of that portion of the condominium documents according it a right of first refusal prior to a unit owner's lease, transfer or sale. Because the "re-sale" to Christopher was for only nominal consideration$10the Edlunds were ordered to sell the unit to the Association for fair market value to be determined by appraisal as ordered by the court.
We find no error in the trial court's conclusion that the initial transfer of the *407 unit from Christopher to his parents was approved by the Association and that the parents now own it. We also find no error in the court's conclusion that under the condominium documents, the parents' attempt to re-convey to Christopher is a nullity. We cannot, however, agree that the condominium documents may be enforced by requiring the parents to convey the unit to the Association.
Courts have no authority to make new or different contracts for the parties and may only compel performance of a contract in the precise terms agreed upon by them. See, e.g., Giehler v. Ward, 77 So.2d 452, 453 (Fla.1955) (holding that "one of the most firmly established principles of the law of specific performance is that the court will not make a new or different contract for the parties, simply because the one made by them proves ineffectual; and, ordinarily, it will compel the performance of a contract only in the precise terms agreed upon by the parties themselves") (citations omitted); Squires v. McCarey, 515 So.2d 316, 317 (Fla. 5th DCA 1987) (same); see also Palm Beach Hotel Condominium Ass'n v. Rogers, 605 So.2d 143, 145 (Fla. 4th DCA 1992) (confirming that a declaration of condominium must be strictly construed); Brickell Bay Club Condominium Ass'n, Inc. v. Hernstadt, 512 So.2d 994, 996 (Fla. 3d DCA 1987) (a statutorily required declaration of condominium governs the relationships between condominium unit owners and the condominium association; it is more than a mere contract spelling out mutual rights and obligations of the parties thereto; and it must be strictly construed).
Seagull Townhomes Condominium's declaration of condominium clearly and unambiguously states that where the Association opts to exercise its right of first refusal to purchase a unit, the owner may still withdraw the decision to sell. The trial court could not, therefore, order the Edlunds to sell to the Association; it could only afford the Association the opportunity to exercise its option to purchase along with the Edlunds' option to withdraw their decision to sell. That portion of the judgment requiring the Edlunds to sell their unit to the Association for fair market value is, therefore, reversed.
NOTES
[1] While we have reservations as to whether this transfer was a sale, we note that any sale or rental without prior Association approval is deemed a breach and is null and void under the terms of Seagull's declaration of condominium, but that the Association can approve the transfer after the fact:

16.01 . . . Any attempt to sell, rent or lease said unit without prior approval of the Association shall be deemed a breach of this Declaration, shall be wholly null and void, and shall confer no title or interest whatsoever upon any purchaser, tenant or lessee; provided, however, any deed or lease may be validated by subsequent approval of the Association in the event of a sale or lease without prior approval as herein provided.
[2] Notwithstanding the Association's letter advising Christopher that he had violated the Association's rules by failing to obtain approval of the transfer to his parents, the trial court accepted the position asserted by the Association's affidavit that this transfer from Christopher to his parents had been approved.