941 So.2d 457 (2006)
SEAGULL TOWNHOMES CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
Frederick G. EDLUND, Sally M. Edlund, and Christopher Edlund, Appellees.
No. 3D05-2262.
District Court of Appeal of Florida, Third District.
October 25, 2006.
Kahan, Shir and Guy M. Shir and Patrick Dervishi, Boca Raton, for appellant.
Robert H. Cooper, Aventura, for appellees.
Before GREEN, RAMIREZ, and SUAREZ, JJ.
SUAREZ, J.
Seagull Townhomes Condominium Association, Inc., ("Seagull") appeals the trial court's order denying its motion for attorney's fees. We affirm.
Seagull contends that the trial court erred by finding that it is barred from recovering attorney's fees pursuant to the *458 Condominium Act.[1] The Edlunds assert that the trial court did not abuse its discretion by finding that Seagull violated the Condominium Act by failing to answer their written inquiry, and that Seagull is therefore barred from recovering attorney's fees.
Christopher Edlund bought a unit at Seagull Townhomes Condominium in 1993. Christopher executed a quitclaim deed to the townhouse to his parents (Frederick and Sally Edlund) in 2001. He did not obtain Seagull's approval before making this transfer as required by Seagull's Declaration of Condominium. Within a year, Seagull informed Christopher that he violated the condominium rules by failing to get permission before executing the deed. Seagull filed suit against Christopher and his parents seeking specific performance requiring Christopher to follow condominium rules. Christopher's parents deeded the property back to Christopher on May 7, 2002, in order to cure the initial lack of notice, but again failed to first obtain Seagull's permission. Seagull ultimately acknowledged and approved the transfer from Christopher to his parents, but argued that the second transfer from the parents back to Christopher was not approved and remained unauthorized. Seagull argued that, as the transfer was unauthorized, Seagull had the right to acquire the property based on the right of first refusal clause in the condominium documents which permits Seagull to purchase a unit if it is put up for sale.
The trial court entered summary judgment in Seagull's favor. It found that the initial transfer from Christopher to his parents was valid because it was approved by Seagull, and that the second transfer from the parents back to Christopher was not approved and was therefore null and void and that it triggered Seagull's right of first refusal. The court therefore ordered Christopher's parents to sell the unit to Seagull for fair market value. Seagull then moved for attorney's fees. The trial court found that neither party was a prevailing party for the purposes of attorney's fees, and that Seagull was statutorily prohibited from collecting fees because it had failed to answer one of the Edlunds' "written inquiries" sent during the dispute pursuant to Florida Statutes, section 718.112(2)(a)2.
Christopher then appealed the summary judgment order. This court affirmed the trial court's findings that the initial transfer was approved by Seagull and that the parents now own the unit, and that the parents' attempt to re-convey the property was a nullity. However, this court reversed the portion of the judgment ordering the parents to sell the unit to Seagull for fair market value. This court found that the parents should have been given the option to keep the property. Edlund v. Seagull Townhomes Condo. Assoc., 928 So.2d 405 (Fla. 3d DCA 2006).
In the instant appeal, Seagull challenges the trial court's order denying its request for attorney's fees. Seagull argues that the trial court erred by finding that it is precluded from collecting attorney's fees for failing to provide the Edlunds with an answer to their "written inquiry" as required by the Condominium Act.
The trial court did not abuse its discretion by ruling that Seagull is prohibited *459 from recovering attorney's fees under the Condominium Act. The statute requires a board to respond in writing to a unit owner within 30 days when the owner files a "written inquiry by certified mail" with the board of administration. § 718.112(2)(a)2, Fla. Stat. (2005). The Edlunds sent a letter to Seagull by certified mail addressing various issues. There is competent substantial evidence to support the trial court's finding that this letter constituted a "written inquiry" under the statute. The trial court correctly applied the law to find that this violation prohibits Seagull from recovering fees in this matter. Accordingly, we affirm the trial court's ruling that Seagull is precluded from collecting attorney's fees under the Condominium Act.
Affirmed.
NOTES
[1] When a unit owner files a written inquiry by certified mail with the board of administration, the board shall respond in writing to the unit owner within 30 days of receipt of the inquiry . . . The failure to provide a substantive response to the inquiry as provided herein precludes the board from recovering attorney's fees and costs in any subsequent litigation, administrative proceeding, or arbitration arising out of the inquiry.

§ 718.112(2)(a)2, Fla. Stat. (2005).