TERRELL, Justice.
Appellant brought this action against ap-pellee to recover damages for personal injuries under the guest statute, Section 320.59, F.S.A. There was an answer to the complaint to which defendant admitted the accident but denied that he was driving the car at .the time it occurred. The case, came on for trial and counsel for the plaintiff made his opening statement to the jury. The defendant moved to'dismiss' on the ground that the’facts set out in the opening statement were not sufficient on which to predicate a verdict for the plaintiff for gross negligence. The Court granted the motion and entered a final judgment for defendant. Thereupon the plaintiff appealed from the judgment.
The point for determination is whether or not the trial court committed error in directing a verdict for the defendant after having heard the opening statement of the plaintiff to the jury.
The court stated in its order that it was directing the verdict for the defendant “aside from the question of assumption of risk or any possible question of contributory negligence and entirely on the ground that the facts of the opening statement, if proved, would not be sufficient for a jury verdict under the guest statute.” In so holding we think the trial court committed error. We do no think the complaint is a model pleading but no question was raised as to that. An opening statement to the jury is no basis on which to grant a directed verdict. It is nothing more than the plaintiff’s theory of the case and what he proposes to prove. He may prove much or he may not prove any of it to the .satisfaction of the jury. The plaintiff may prove matters not embraced in the opening statement.
Since no question was raised as to the sufficiency of the pleadings and the trial court rej ected all questions as to assumption of risk and contributory negligence, we are of the view that the case should have gone *159 to the jury on the evidence. The question of ne.gligence, gross negligence, and wilful or wanton misconduct shall in all such cases be solely for the jury.
The judgment is accordingly reversed.
Reversed.
ROBERTS,. C. J., and SEBRING and MATHEWS, JJ., concur. -