PER CURIAM.
This appeal is from a final judgment entered pursuant to a verdict directed by the court at the conclusion of the voir dire examination of the jury and was regularly set for oral argument. Notices were mailed to the attorneys of record more than thirty days before the date set. Immediately prior to the time set for argument, a stipulation was filed whereby it was agreed by counsel to postpone the oral argument from the time set. The court was not given the reason for the postponement.
An appellate court will, where-ever possible without unduly delaying the appeal before it, grant additional time for the performance of the various steps in the prosecution of an appeal, providing the need for the postponement is made to appear. However, the work of the court cannot be carried on efficiently if unnecessary postponements are granted. We have removed the appeal from the calendar and have considered it as one in which the request for oral argument had not been granted.
The trial judge, in the final judgment entered, set forth the following history of the proceedings:
“This cause was tried on May 15, 1961, before the court, the Honorable Hal P. Dekle presiding, and a jury; after the jury was sworn in it retired and the following took place before the court in the absence of the jury;
“Plaintiff was, upon its application, permitted by the court to amend its complaint, sic, (a) to increase its demand on its first cause of action by $4,000.00, claiming further for use for
the year February 1961 to February 1962, and (b) by dropping its second cause of action;
“Then followed a colloquy between the court and counsel for the respective parties on the pleadings then remaining, plaintiff’s attorney stating what he intended to prove in support thereof, and defendant’s attorney asserting and stating, inter alia, its affirmative defense interposed;
“The court thereupon stated that he would consider the discussion before him as plaintiff’s opening to the jury, and on the basis of the discussion was satisfied that plaintiff’s cause came within the purview of Section 725.01, *743 F.S.A., and in view of the defendant s affirmative plea of the statute would direct a verdict for the defendant.”
The appellant presents two points. The first urges that the directed verdict was improper at the stage in the trial proceedings at which it was granted. We must sustain appellant’s contention on this ground. § 54.17, Fla.Stat., F.S.A. Van Hoven v. Burk, Fla.1954, 71 So.2d 158; Southern Wood Industries v. Florida Carolina Lumber Company, Fla.1956, 84 So.2d 589; Ahearn v. Florida Power and Light Company, Fla.App.1959, 113 So.2d 751.
Inasmuch as it is necessary to reverse this judgment upon the basis stated, it is unnecessary to consider the remaining ground presented by appellant.
Reversed and remanded.