(No. 12202.—Judgment affirmed.)
JAMES FOLEY *et al.* Appellees, *vs.* JAMES HEDENBERG, Appellant.

*Opinion filed October 21, 1918.*

CONTRACTS—*when a contract between real estate agents to divide commissions will be enforced.* A contract between real estate agents to divide commissions on a certain basis in case an option contract for the sale of real estate is carried out, does not, as between them, involve the fiduciary relation of principal and agent, and is enforcible even though one of the parties, with the knowledge of the other, acquires a personal interest in the option contract as one of the assignees thereof.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

THOMAS E. D. BRADLEY, SAMUEL A. HARPER, and CLAYTON W. MOGG, for appellant.

JOHN A. BROWN, and LAVERN W. THOMPSON, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellees commenced an action of the first class against appellant in the municipal court of Chicago to recover a certain sum which appellant had received as commissions for

the sale of real estate and which appellees in their statement of claim aver he was bound to pay them by reason of their contract with him.

The facts are as follows: Belle Armour, on or about September 3, 1913, acting through appellant, who was her authorized agent, for a valuable consideration executed an option to Peter Foley or his assigns for the sale of certain real estate known as the southwest quarter of section 34, in township 39, east of the third principal meridian, in Cook county, Illinois, for the fixed price of $500 per acre plus six percentum per annum on the purchase price from September 3, 1913, to date of sale. This option was to expire December 31, 1914, but was extended to March 1, 1915. This option was afterwards assigned by Peter Foley to Lavern W. Thompson, an attorney for appellees, who held the option as trustee for several parties, including appellees, and who later assigned the same to F. W. Bartlett, by whom the option was exercised. The property covered by the option was conveyed on or about January 27, 1915, to William P. Naughton at the request of Bartlett, who paid the price specified in the option. By reason of this transaction, appellant, Hedenberg, collected from Belle Armour five per cent of the selling price, as per his agreement with her, as his commission for the sale, amounting to $4345.33.

The third amended affidavit of claim of appellees alleges that the option on said property was sold to Peter Foley or his assigns through the efforts of appellees, and that in consideration of the sale appellant agreed with appellees that if the property should be sold to Foley or his assigns within the time and under the terms of the option and for the price therein named, appellant would pay to appellees, or cause to be paid by Belle Armour, out of the commissions to be paid him, two-thirds of such commissions, or two-thirds of five per cent of the selling price of the property.

The affidavit of defense alleges three grounds of defense: First, it denies any agreement with appellees to pay

them a part of any commissions collected in event of a sale of said property to Peter Foley or his assigns, and denies that of the sum of $4345.33 received by appellant two-thirds of such sum, or $2896.86, was received by him for the use of appellees; second, that the option to Foley or his assigns was procured through the efforts of appellees, but avers that the same was executed at the request of A. J. Halter, who had purchased other lands of Belle Armour, and that appellant agreed to pay the commissions claimed to appellees only in the event that Halter was the eventual purchaser of said lands; and third, that after the giving of said option appellees procured it to be held for the benefit of themselves and others, and that they had a personal interest therein of the value of $10,000; that in negotiating the sale with Bartlett the appellees received a large amount of money and property over the purchase price stipulated in the option, of the value of $7000; that they did not inform the appellant or Belle Armour that they had such interest or received such money and property until the time of the trial of said cause.

The case was tried without a jury, and at the close of all the evidence the issues were found for defendant and judgment was entered against plaintiffs for costs. Plaintiffs appealed to the Appellate Court for the First District, and that court reversed the judgment of the trial court and entered judgment against defendant for $2896.86, the amount claimed by plaintiffs. The Appellate Court granted a certificate of importance and an appeal to this court.

The contention of the appellant here is that he had no knowledge of the fact that appellees were part owners of the option in question, and that appellees, by dealing secretly with the subject matter of the agency, without the knowledge or consent of appellant, and thereby making a profit in excess of their commission, destroyed their right to claim a commission for making the sale. Appellees contend that, admitting that such knowledge on the part of appellant was material to a correct decision of the case, there is ample evi-

dence in the record that he did know that appellees were joint owners of the option.

The Appellate Court found from the evidence that the option, while executed to Peter Foley, was in fact sold to appellees, and that appellant knew of such fact, and it held that, such being the case, the fiduciary relation of principal and agent did not exist between appellees and appellant or Belle Armour. It is evident from the testimony of appellant that he knew before the sale was made that appellees were interested in the option. He states that he objected to permitting the sale to go through unless appellees waived their claim to a commission. For that reason he later proposed as a compromise that appellees take one-half instead of two-thirds of the five per cent of the selling price as their commission, which they refused, and that he afterwards decided to permit the sale to be consummated. It is not here denied by appellant that a contract existed between appellees and himself by which, if the property were sold under the option in question, appellees were to receive two-thirds of five per cent of the purchase price.

This is not a case where the fiduciary relation of principal and agent existed. It is a contract between two agents. Here was an option in which appellant knew appellees had a personal interest. The price specified in the option was paid. Appellant, by realizing one-third of five per cent of that purchase price as his commission received all he was to receive under his contract with appellees. What they received from a beneficial sale of their interest in the option was of no concern to him. The option was made to Peter Foley "or his assigns." There was no reason why appellees could not, with the knowledge of appellant, become interested in this option as such assignees.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*