## Blanche Kessler, Appellant, v. Isaac Aller et al., Appellees.

### Gen. No. 38,823.

Opinion filed December 30, 1936.

HERSHENSON & HERSHENSON, of Chicago, for appellant.

PRITZKER & PRITZKER, of Chicago, for appellee; RICHARD WEINBERGER, of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

Plaintiff filed a statement of claim in the municipal court against defendants for money due on a promissory note in the sum of $20,000, together with interest thereon at the rate of six per cent per annum. The note was signed by Isaac Aller, a bachelor, Harry Aller, Jennie Aller, his wife, and was indorsed by Michael Grusin. By way of defense it was averred that (1) plaintiff was not a bona fide owner; (2) that Michael Grusin was merely an accommodation indorser, and (3) that there was a merger as a matter of law. Plaintiff made her case by introducing the note in question, showing the amount due thereon together with interest. Defendants thereupon put in their evidence, tending to establish the defenses set

forth in their affidavit of merits. Without allowing plaintiff an opportunity to introduce evidence in rebuttal of the affirmative defenses set forth, the court directed a verdict in favor of defendants and entered judgment accordingly. This appeal followed.

The principal controversy relates to the third defense. It is urged that where a person holds a mortgage upon real estate and then acquires the equity of redemption, a merger takes place, and the estate is discharged from the incumbrance and the mortgage debt becomes satisfied. Plaintiff concedes this to be the rule, but insists that she should have been permitted to introduce evidence, by way of rebuttal, tending to show that it was the intention of the parties that a merger should not take place. At the close of defendants' case plaintiff's counsel offered to make proof of the evidence available, but the court, of its own motion, denied plaintiff's offer of proof and directed a verdict in favor of defendants.

Defendants argue that the court was justified in directing a verdict, because plaintiff sought to invoke the doctrine of prevention of merger, and since the municipal court is a court without general equity jurisdiction, that doctrine, being purely equitable, could be considered only in a court of equity. In taking this position we think defendants fail to distinguish the difference between the doctrine of general equity jurisdiction and the right to interpose equitable claims and defenses in accordance with modern procedure under the municipal court rules. Suits in assumpsit are equitable in their nature, even though they are filed as actions at law. 5 Corpus Juris 1390, sec. 27, states the rule as follows:

"Assumpsit, being an equitable action, admits almost every defense to which defendant is entitled in equity and good conscience."

It was held in *Moran v. Union Bank of Chicago,* 266 Ill. App. 315, that equitable defenses may be inter-

posed in actions of assumpsit. That being the rule it is difficult to understand why plaintiff should not have been permitted to introduce evidence tending to show that the parties had agreed that a merger should not take place. It is conceded that although the municipal court is not a court of general equity jurisdiction under its rules equitable defenses may be interposed. (See Note 1 to Rule 1, Revised Civil Practice Rules of the Municipal Court of Chicago, in force November 1, 1935.) The doctrine of merger is an equitable defense, and it would follow that plaintiff ought to have been given the opportunity to show, by way of rebuttal, that agreements had been entered into between the parties to prevent merger. To hold otherwise would necessitate a trial of the issues in two courts, and the modern tendency is to liberalize the practice and simplify procedure. The rules of the municipal court permit and encourage the determination of such issues in a single proceeding.

The rule is well established that a verdict for defendant on an affirmative defense can be directed only after an opportunity is given plaintiff to contradict or explain. (*Wallner v. Chicago Consol. Traction Co.*, 245 Ill. 148; *Helm v. Illinois Commercial Men's Ass'n*, 279 Ill. 570.) The directed verdict was given on the court's own motion and over the objection of plaintiff's counsel, the court evidently having desired to shorten the proceeding, as indicated by its statement preceding the termination of the case: "We cannot waste the time of the court on the point," and that "the very basis on which the case is handled is contrary to your [plaintiff's] conception."

The judgment of the municipal court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

JOHN J. SULLIVAN, P. J., and SCANLAN, J., concur.