113 So.2d 751 (1959)
Rita S. AHEARN, a widow, Appellant,
v.
FLORIDA POWER AND LIGHT COMPANY, a corporation, Appellee.
No. 623.
District Court of Appeal of Florida. Second District.
July 10, 1959.
Rehearing Denied August 6, 1959.
*752 Fowler, White, Gillen, Yancey & Humkey, Tampa, and Berryhill, Leaird & Tedder, Fort Lauderdale, for appellant.
Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
KANNER, Judge.
In the trial court, appellant as the plaintiff sought to recover compensatory damages from the appellee, the defendant, charging wrongful death of her husband by electrocution. The parties will be designated here as they were in the court below. At the close of the plaintiff's case in chief, the trial judge granted defendant's motion for a directed verdict, holding as a matter of law that the deceased husband of plaintiff had been guilty of contributory negligence. The appeal reaches this court from the final judgment entered, predicated upon the directed verdict.
During the trial the plaintiff put on twelve witnesses, while the defendant, during the course of plaintiff's case in chief, put on out of turn three of those same witnesses to testify in its behalf. A defense interposed and relied on by the defendant was that of contributory negligence, an affirmative defense requiring proof by a preponderance of the evidence. The substance of the testimony need not be recounted; examination of the record reveals that the testimony of these witnesses of the defendant was adverse to the plaintiff's case on this issue. To reiterate, the trial court's direction of the verdict for the defendant was grounded upon the proposition that the deceased husband had been guilty of contributory negligence as a matter of law.
The plaintiff has questioned the propriety of the trial court's action in directing a verdict for the defendant at the time it did since three witnesses were put on out of turn and testified for the defendant during the presentation of plaintiff's case in chief. Plaintiff insists that the trial judge should not have considered the unfavorable testimony of these defense witnesses *753 because the direction of the verdict in such situation deprived her of her right of rebuttal.
A trial judge is empowered to direct a verdict in a civil case under specified conditions. The portion of the applicable law, section 54.17, Florida Statutes, F.S.A., enabling him so to do, reads:
"If, however, after all the evidence shall have been submitted on behalf of the plaintiff in any civil case, it be apparent to the judge that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff in such civil case, the judge shall, upon motion of the defendant, direct the jury to find a verdict for the defendant; and if, after all the evidence of the parties shall have been submitted, it be apparent to the judge that no sufficient evidence has been submitted upon which the jury could legally find a verdict for one party, the judge may direct the jury to find a verdict for the opposite party."
It thus appears there are two stages in a trial of a civil case when a judge may direct a verdict: (1) after all the plaintiff's evidence has been submitted, and (2) after all the evidence of both sides has been submitted. In the first stage, the directed verdict may only be for the defendant; and in the second stage, the verdict may be for either of the parties. As to the first stage, the language of the statute is clear, requiring that for a defendant's motion for a directed verdict to be granted, it must be founded upon all the evidence submitted on behalf of the plaintiff.
Although not identical in its procedural aspects, the case of Atlantic Coast Line R. Co. v. Ward, 1926, 92 Fla. 526, 109 So. 452, is analogous in principle to the present case. There, the Supreme Court applied a provision from a statute then in force and designated as Chapter 9364, Acts of 1923, amendatory to section 2696, Revised General Statutes of 1920, which was the equivalent of the quoted portion of section 54.17, Florida Statutes, F.S.A. In that case, after plaintiff had concluded his evidence, motion by the defendant for a directed verdict was denied. During the presentation of the defendant's evidence, the trial court peremptorily directed a verdict for the defendant. Later, the court granted a new trial, assigning error unto himself in having directed the verdict at that time. The Supreme Court, in affirming, held that it was error to direct a verdict for the defendant in a civil action upon conclusion of the defendant's evidence without first affording the plaintiff an opportunity to submit rebuttal evidence.
Of similar effect is the Illinois case of Kessler v. Aller, 1936, 287 Ill. App. 606, 5 N.E.2d 761, 762, a suit on a promissory note, wherein a verdict had been directed in favor of the defendants on a matter constituting an affirmative defense. This was reversed on appeal and the opinion of the court contains the following statement:
"The rule is well established that a verdict for defendant on an affirmative defense can be directed only after an opportunity is given plaintiff to contradict or explain."
The defendant argues that plaintiff, by raising this issue for the first time in the motion for a new trial, cannot complain that direction of the verdict by the court constituted a denial of her right of rebuttal. It is urged instead that plaintiff cross-examined the defense witnesses extensively, not only agreed to the procedure employed but suggested it in part, offered no objection during the trial, and indicated in no way that she would need additional time for other evidence or witnesses for rebuttal testimony.
It is well recognized that a plaintiff is entitled to offer rebuttal testimony after a defendant has put forward and rested his case. The procedure utilized here was in the interest of convenience and expediency for the benefit of the parties litigant. The argument urged by the defendant furnishes no meritorious basis upon which to deprive the plaintiff of her substantial right to offer rebuttal testimony upon conclusion of the defendant's case, if she so desired. She was not required to give advance notice of whether or not she intended to put on rebuttal evidence. The proper time for *754 rebuttal evidence to be offered by a plaintiff is after all the evidence has been submitted on behalf of the defendant. A cross-examination of a defendant's witness by a plaintiff is not equivalent to a right of rebuttal, and this is so although the cross-examination has a debilitating effect on the testimony of the witness theretofore given.
Consequently, since the directed verdict was not restricted to the evidence of the plaintiff's case in chief, the trial judge committed reversible error, with the result that the case must be remanded for a new trial. Consideration by this court of two other appeal questions is not essential.
Reversed.
ALLEN, C.J., and SHANNON, J., concur.

On Petition for Rehearing
PER CURIAM.
It is not determinable from the record that the trial court, in reaching his decision, ignored the testimony of the three witnesses who were taken out of turn on behalf of the defendant, which testimony involved the issue of contributory negligence and was adverse and unfavorable to the plaintiff. The petition for rehearing is denied.
ALLEN, C.J., and KANNER and SHANNON, JJ., concur.