HAMILTON BANCSHARES, INC., Plaintiff-Appellant, v. ERNEST E. LEROY *et al.*, Defendants-Appellees.

Fourth District    No. 4—84—0578

Opinion filed March 29, 1985.

George J. Lewis, of Lewis, Blickhan, Longlett & Timmerwilke, of Quincy, for appellant.

Hubert G. Staff, of Scholz, Staff & Palmer, of Quincy, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff brought this action for specific performance of two stock purchase options. Under each agreement the option period was 80 days. Within the option periods and prior to their exercise by plaintiff, defendants gave notice of withdrawal of the options. Thereafter, plaintiff sought to exercise the options, and subsequently commenced this action. Defendants maintained they had the right to withdraw the option offers before exercise, and plaintiff maintained they had no such right. The trial court granted defendants' motion for summary judgment, concluding that the consideration was insufficient to support the options, and thereafter denied plaintiff's post-trial motion. Plaintiff appeals from the judgment of the circuit court of Adams County. We reverse.

The suit is based on two option contracts, one between plaintiff and the Leroys for 2,068 shares of bank stock; and the other between plaintiff and the Gordens, Laveta Morris (trustee), and Eleanor Schrader (trustee), for 2,080 shares of bank stock. The agreements were by similar documents entitled "stock purchase option," each dated June 11, 1981, with 80-day option periods. Each option was purportedly granted "in consideration of the sum of One Dollar and other good and valuable consideration, in hand paid, the receipt whereof is acknowledged." Following the defendants' signatures, each option in-

cluded the statement: "I Lloyd Edwards [plaintiff's president], have this day paid to the optionor the sum of $5,000.00 earnest money, to be applied to the purchase price of the shares subject to this option in the event that the option is exercised and to be refunded to me in the event that this option is not exercised."

By letters of July 17, 1981, signed for by plaintiff's president on August 12, 1981, defendants sent notice withdrawing the options. On August 19, 1981, plaintiff wrote to defendants, rejecting the purported withdrawal of the options and exercising them.

On December 11, 1981, plaintiff commenced this action for specific performance. Plaintiff admitted that the $1 consideration referred to in each option was not paid to defendants, but represented that the $5,000 earnest money was paid on each option on June 11, 1981. The record contains copies of the canceled $5,000 checks.

On May 18, 1982, defendants filed a motion for judgment on the pleadings, raising as one issue the adequacy of the consideration supporting the options. After hearing on June 21, 1982, the motion was denied as to consideration, the court finding a factual issue as to whether "other good and valuable consideration" existed to support the agreements; another matter was taken under advisement. Written authorities were filed as was an affidavit on behalf of the plaintiff. On February 2, 1983, the trial court denied the motion for judgment on the pleadings.

On April 26, 1983, plaintiff, by its president, Lloyd Edwards, filed answers to interrogatories wherein consideration given for the options was stated as including "the payment by Lloyd Edwards of $5,000.00 earnest money on behalf of the optionee as expressly set forth in the last paragraph on each Stock Purchase Option."

On July 29, 1983, defendants filed a motion for summary judgment stating that as a matter of law no consideration was given for the options, which were withdrawn prior to being exercised. On August 16, 1983, plaintiff filed the counteraffidavit of Edwards and documents referring in part to the payment of earnest money to defendants per the terms of the options. After hearing on the motion on September 21, 1983, plaintiff by written brief argued (1) the adequacy of consideration was shown by the transfer of earnest money, and (2) the defendants had the use and benefit of plaintiff's $10,000 earnest money for a period during which plaintiff was denied its benefit or use. Defendants argued that the sum of $1 or other consideration, as stated in the option, was not in fact paid and, therefore, the document merely constituted an offer which could be withdrawn at any time prior to a tender of compliance. Defendants contended that since

the $5,000 earnest money under each option was to be applied toward the purchase price if the option was exercised, but refunded if not exercised, it was of no "benefit" to them, and should be regarded as having been subject to a valid and enforceable trust rather than as consideration. On April 13, 1984, the court entered a written order granting summary judgment, reasoning that the earnest money was of no benefit to defendants as it had to be returned if the options were not exercised. On May 3, 1984, plaintiff filed a post-trial motion which was heard and denied on July 13, 1984. This appeal followed.

■■ ■ Plaintiff maintains that the use of the earnest money for the period of the option constituted consideration sufficient to support the options. Defendants claim that the options were silent as to their alleged right to use the earnest money while in their custody, and that they were obligated to act as trustees of this money and could derive no benefit from it. When a person accepts possession of personal property with the express or implied understanding to hold it for certain specific purposes or specified persons, a valid and enforceable trust exists. (*Walden v. Karr* (1878), 88 Ill. 49, 51.) *In re Estate of Wilkening* (1982), 109 Ill. App. 3d 934, 940-41, 441 N.E.2d 158, 163, stated the requirements of a valid express trust as (1) intent of the parties to create a trust as shown by a writing or by circumstances, (2) a definite subject matter of trust property, (3) ascertainable beneficiaries, (4) a trustee, (5) specifications of a trust purpose and how the trust is to be performed, and (6) delivery of the trust property to the trustee. According to defendants, these requirements were met since they, as trustees, received delivery of a definite trust property, *i.e.*, the $10,000 in earnest money, to be held by them until such time as the options were exercised or revoked, and thereupon, to be distributed by them to the plaintiff if the options terminated or applied to the purchase price if the options were exercised.

■■ ■ The trial court's order did not refer to defendants' trust theory, but we reject the theory. The record does not support a finding of intent of the parties to create a trust. Defendants might have a stronger argument if the plaintiff's checks for the earnest money had been payable to escrow accounts, but the checks were paid directly to the defendants named under each option. Moreover, the "ascertainable beneficiary" is dependent upon whether the option was exercised. The specifications of the trust purpose and how the trust is to be performed are not apparent from the options. While in equity a constructive trust may be imposed to redress unjust enrichment where there is either actual fraud or implied fraud resulting from a fiduciary relationship (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320,

328, 371 N.E.2d 634, 638), defendants do not argue that fraud should be imputed to their conduct.

We therefore proceed to the merits of plaintiff's argument. Generally, to justify specific performance a contract must be clear, certain, unambiguous, and free from doubt. (*Young v. Kowske* (1948), 402 Ill. 114, 83 N.E.2d 500.) A contract, by ancient definition, is an agreement between competent parties, upon a consideration sufficient in law, to do or not to do a particular thing. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634.) The validity of consideration for an instrument must be evaluated as it relates to the entire record and not as perceived in a vacuum of either terms or definitions. The burden of proving the validity of the affirmative defense of want of consideration is clearly upon the party asserting it. *Codo v. Union National Bank & Trust Co.* (1977), 54 Ill. App. 3d 810, 812, 370 N.E.2d 140, 142.

The general principles applicable to option contracts were reviewed in *Hermes v. Wm. F. Meyer Co.* (1978), 65 Ill. App. 3d 745, 749, 382 N.E.2d 841, 844-45:

"The general principles applicable to option contracts have been long established. An option contract has two elements, an offer to do something, or to forbear, which does not become a contract until accepted; and an agreement to leave the offer open for a specified time (*Bonde v. Weber*, 6 Ill. 2d 365, 374[, 128 N.E.2d 883] (1955)), or for a reasonable time (*Bates v. Woods*, 225 Ill. 126, 130-31[, 80 N.E. 84] (1906)). An option contract must be supported by sufficient consideration; and if not, it is merely an offer which may be withdrawn at any time prior to a tender of compliance. (*Foley v. Hedenberg*, 208 Ill. App. 163, 169 (1917), *aff'd*, 285 Ill. 210[, 120 N.E. 625] (1918).) If a consideration of 'one dollar' or some other consideration is stated but which has, in fact, not been paid, the document is merely an offer which may be withdrawn at any time prior to a tender of compliance. The document will amount only to a continuing offer which may be withdrawn by the offeror at any time before acceptance. (*Threlkeld v. Inglett*, 289 Ill. 90, 94-95[, 124 N.E. 368] (1919).) The consideration to support an option consists of 'some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other' (*Lipkin v. Koren*, 392 Ill. 400, 406[, 64 N.E.2d 890, 893] (1946)); or otherwise stated, 'Any act or promise which is of benefit to one party or disadvantage to the other ***.' *Steinberg v. Chicago*

*Medical School*, 69 Ill. 2d 320, 330[, 13 Ill. Dec. 699, 704, 371 N.E.2d 634, 639] (1977)."

(See also *Riddle v. La Salle National Bank* (1962), 34 Ill. App. 2d 116, 180 N.E.2d 719; *Miller v. McDonough* (1957), 13 Ill. App. 2d 290, 141 N.E.2d 749; *Aetna Plywood & Veneer Co. v. Robineau* (1950), 340 Ill. App. 418, 92 N.E.2d 206.) In *Steinberg v. Chicago Medical School* (1976), 41 Ill. App. 3d 804, 807, 354 N.E.2d 586, 589, *aff'd in part, rev'd in part* (1977), 69 Ill. 2d 320, 371 N.E.2d 634, the court stated: "Money is a valuable consideration and its transfer or payment or promises to pay it or the benefit from the right to its use, will support a contract."

■ Consideration adequate to support an option is discussed at 1 Corbin, Contracts sec. 127, at 550-51 (1950):

"A very small consideration is sufficient to support the promise of an option-giver, for a different reason. Suppose that A pays 25 cents in return for B's promise to sell and convey Blackacre for the price of $10,000 at any time within 30 days. The sum of 25 cents is not 'inadequate' as an exchange for B's promise, although it would be exceedingly inadequate as an exchange for Blackacre. But it is not being exchanged for Blackacre, or even for a promise to convey Blackacre; it is being exchanged for a promise to exchange Blackacre for $10,000. B has bought a power to compel the exchange of Blackacre for $10,000, a power continuing 30 days; for this power he has paid 25 cents, a small sum. We can not say that it is an 'inadequate' price to pay for such a power until we know the 'market' for it—the opinions of other dealers as to its value in money. There may or may not be such a 'market'. It is true, however, under our existing law, that B's promise to A is enforceable even though it is proved that other dealers in land would gladly have paid $1,000 for the 'option' that A got for 25 cents. Nor is B's promise made unenforceable by the fact that the other dealers would gladly have paid $50,000 for Blackacre."

(See *Wickstrom v. Vern E. Alden Co.* (1968), 99 Ill. App. 2d 254, 240 N.E.2d 401.) 1A Corbin, Contracts sec. 263, at 501 (1950) states:

"If, however, the consideration is nominal in fact as well as in amount—that is, it is merely named and is in fact neither given nor promised, then there is no consideration at all, and the option giver has power of revocation as in the case of other revocable offers."

(See *Corbett v. Cronkhite* (1909), 239 Ill. 9, 17, 87 N.E. 874, 877.) The legal concepts of "detriment" and "benefit" are discussed at 1 Willis-

ton, Contracts sec. 102A at 380-82 (3d ed. 1957):

"Both benefit and detriment have a technical meaning. Neither the benefit to the promisor nor the detriment to the promisee need be actual. 'It would be a detriment to the promisee, in a legal sense, if he, at the request of the promisor and upon the strength of that promise, had performed any act which occasioned him the slightest trouble or inconvenience, and which he was not obliged to perform.' Thus abstaining from smoking and drinking, though in fact in the particular case a benefit to the promisee's health, finances, and morals and of no benefit to the promisor, is a legal detriment and if requested as such is sufficient consideration for a promise. So obtaining signatures to a petition is a sufficient consideration though the petition is so defective as to be useless and the signatures are, therefore, of no benefit to the promisor. Detriment, therefore, as used in testing the sufficiency of consideration means legal detriment as distinguished from detriment in fact. It means giving up something which immediately prior thereto the promisee was privileged to retain, or doing or refraining from doing something which he was then privileged not to do, or not to refrain from doing.

Benefit correspondingly must mean the receiving as the exchange for his promise of some performance or forbearance which the promisor was not previously entitled to receive. That the promisor desired it for his own advantage and had no previous right to it is enough to show that it was beneficial."

This view of "benefit" and "detriment" as constituting valuable consideration has long been accepted in Illinois. It is not essential that it import a certain gain or loss to either party, but is sufficient if the party in whose favor the contract is made parts with a right which he might otherwise exert. (*Miller Ice Co. v. Crim* (1939), 299 Ill. App. 615, 20 N.E.2d 347.) Common sense dictates that plaintiff's parting with $5,000 earnest money under each option contract for more than 30 days constituted a legal detriment to plaintiff.

■ Summary judgment should be granted only when the pleadings, depositions, and admissions, together with any affidavits, show there is no genuine issue as to a material fact, and the movant is entitled to judgment as a matter of law. (*Clifford-Jacobs Forging Co. v. Capital Engineering & Manufacturing Co.* (1982), 107 Ill. App. 3d 29, 33, 437 N.E.2d 22, 25.) Therefore, the circuit court erred in granting summary judgment. Accordingly, the judgment must be reversed, and the cause remanded for further proceedings consistent with this opin-

ion. In view of our disposition of this issue, we need not address the estoppel argument posed by the appellant.

Reversed and remanded.

GREEN, P.J., and MILLS, J., concur.