JANET DAVIES, Plaintiff-Appellant, v. MARTEL LABORATORY SERVICES, INC., Defendant-Appellee.

First District (5th Division) No. 1—88—1599

Opinion filed September 29, 1989.

Joseph J. Spingola, of Chicago, for appellant.

Michael T. Roumell, of Chicago, for appellee.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Plaintiff Janet Davies appeals from an order of the circuit court of Cook County dismissing her amended complaint for breach of an oral contract for permanent employment against defendant Martel Laboratory Services, Inc. She argues that the trial court erred in granting Martel's section 2—615 motion to dismiss her complaint (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) based on its determination that

she failed to establish consideration for an enforceable contract of permanent employment and that the court erred in granting Martel's section 2—619 motion (Ill. Rev. Stat. 1987, ch. 110, par. 2—619) based on its finding that her cause of action was barred by the Statute of Frauds (Ill. Rev. Stat. 1987, ch. 59, par. 1). For the reasons set forth below, we reverse and remand the cause for further proceedings.

This is the second time this case is before us. (See *Davies v. Martel Laboratory Services, Inc.* (1987), 157 Ill. App. 3d 686.) We dismissed Davies' first appeal for lack of jurisdiction, finding that the trial court's order of dismissal of her complaint pursuant to Martel's section 2—615 motion (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) was not final, and ruling that Davies should have been afforded an opportunity to amend her complaint "to avoid a grave injustice."

Davies subsequently filed an amended complaint in the trial court, the subject of this appeal, alleging that Martel hired her in April 1980 to perform oil analyses and mapping work until approximately March 1, 1983. During that time she was an employee at will. In the latter part of February 1983, however, she attended a dinner conference with Harold Flynn, Martel's president. At that time Flynn "made an offer [to her] to alter, change and modify the terms and conditions of [her] contract of employment." The terms and conditions were that she "would be made a Vice-President of MARTEL earning $40,000.00 per year" if she "would obtain an MBA Degree" and, if she accepted the offer then and there, "she would immediately be designated a permanent employee of MARTEL and also appointed a member of the President's Council for which she would assume and become responsible for a policy making role for MARTEL." Flynn also promised that Martel would contribute one-half of her expenses incurred in obtaining her MBA, while she would be responsible for the other one-half. She immediately accepted the offer, thereby becoming a permanent employee. On March 1, one week later, she attended her first meeting as a member of the President's Council. In the fall of 1983, she enrolled at Northwestern University to begin an MBA program. Davies' complaint further alleged that she continued working, assuming additional duties and responsibilities as a "policy maker for MARTEL." On October 12, 1984, Martel terminated her employment without cause.

In response to Davies' complaint, Martel filed a motion to dismiss pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, pars. 2—615, 2—619). On April 20, 1988, the trial court granted Martel's motions, finding that Davies failed to demonstrate consideration for Martel's oral promise of permanent em-

ployment and that her claim was also barred by the Statute of Frauds (Ill. Rev. Stat. 1987, ch. 59, par. 1). A subsequent motion by Davies to amend her complaint was denied by the court, and this appeal followed.

■ To be enforceable, an oral contract for permanent employment, like any other contract, must be supported by sufficient consideration. (*Ladesic v. Servomation Corp.* (1986), 140 Ill. App. 3d 489.) It is also well settled that any act or promise which is of benefit to one party or a disadvantage to the other is a sufficient consideration to support a contract. *Adams v. Lockformer Co.* (1988), 167 Ill. App. 3d 93.

■ In the instant case, Martel contends that Davies suffered no disadvantage or detriment and therefore the trial court correctly ruled that her complaint was insufficient in law because it failed to allege sufficient consideration. Specifically, Martel contends that Davies' pursuit of an MBA degree was in fact a benefit to her, making her more marketable, and not a disadvantage or detriment. While this fact may be true, it is not necessarily legally so. The words "benefit" and "detriment" in contract cases involving consideration have technical meanings. "Detriment" as used in determining the sufficiency of consideration to support a contract means " 'legal detriment as distinguished from detriment in fact. It means giving up something which immediately prior thereto the promisee was privileged to retain, or doing or refraining from doing something which he was then privileged not to do, or not to refrain from doing.' " (*Hamilton Bancshares, Inc. v. Leroy* (1985), 131 Ill. App. 3d 907, 913, quoting 1 Williston, Contracts §102A, at 380-82 (3d ed. 1957).) For example, a promise to give up smoking may be a benefit to the promisee's health, but a promise to give up smoking is also a legal detriment and sufficient consideration to support a contract. *Hamilton Bancshares, Inc. v. Leroy* (1985), 131 Ill. App. 3d 907.

■ In the present case, Davies did not have to obtain an MBA degree and expend her own time and money in doing so in order to continue as an at-will employee of Martel's; she could have continued to perform oil analyses and mapping work rather than enter the ivied walls of Northwestern. Nor does it appear that Davies was obligated to serve as a member on Martel's President's Council and to assume additional duties and responsibilities. In other words, Davies was privileged to refrain from serving on Martel's council and from pursuing an MBA degree. By giving up her privilege to refrain from so acting, Davies clearly could be said to have suffered a legal detriment, which would constitute sufficient consideration to support the alleged oral

contract between the parties. Based on the foregoing, and in light of the fact that a motion to dismiss admits all facts well pleaded together with all reasonable inferences which can be drawn from those facts (*Horwath v. Parker* (1979), 72 Ill. App. 3d 128), we find that Davies' amended complaint sufficiently alleged consideration in support of the contract at issue.

■ We also find, contrary to Martel's argument, that the trial court erroneously applied the Statute of Frauds to bar Davies' claim of breach of contract. The Statute of Frauds requires that any contract that cannot be performed within one year must be in writing. (Ill. Rev. Stat. 1987, ch. 59, par. 1.) Martel contends that the alleged oral contract of permanent employment was incapable of being performed within one year, based on the fact that it was "contingent on plaintiff obtaining an MBA degree, that an MBA program at Northwestern University involves two years of study for full-time students and five years for part-time students, and that Davies did not even enroll in the program until the fall of 1983," more than six months after the oral contract.

■ Based on the foregoing, the oral contract would be unenforceable under the Statute of Frauds if in fact it was pleaded by Davies in her amended complaint that her permanent employment was contingent upon her obtaining an MBA degree. However, that is not the oral agreement pleaded by Davies. Rather, Davies pleaded that she would be immediately designated a permanent employee of Martel and also appointed a member of Martel's President's Council if she accepted the terms and conditions of the offer "then and there" (made a *commitment* to pursue an MBA degree and serve as a member of the President's Council), which she did do. On the other hand, the obvious inferences of the complaint unrebutted by anything in the record are that Davies' appointment as a vice-president of the company was predicated on her attaining the MBA, not the permanent employment promise. The fact that she could not complete the MBA program within one year might be a Statute of Frauds defense to that portion of the oral contract whereby Martel promised to make her a vice-president and pay her $40,000 annually. It is not a defense, however, to the promise to make her a permanent Martel employee, which she accepted immediately.

Moreover, we further observe that the Statute of Frauds has no application where there has been part performance by one of the contracting parties in reliance upon the agreement. (*Culbertson v. Carruthers* (1978), 66 Ill. App. 3d 47.) Here, whether in fact Davies relied on Flynn's alleged oral promise and enrolled in the MBA program

based on that promise, as she alleges in her amended complaint, is a question of fact that could not be decided on a motion to dismiss her amended complaint.

In light of the foregoing, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

PINCHAM and COCCIA, JJ., concur.